CITY OF JERSEY CITY, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellant, *James A. Hamill*.

For the respondent, *Edwin F. Smith* and *William F. Hanlon*.

Per Curiam.

The suit was for a balance alleged to be due upon a contract between the parties dated April 1st, 1908, for the supply by the city to the railroad company for such water as the latter should require, at stipulated rates per thousand cubic feet on a sliding scale according to the totals consumed. The defense was payment according to the terms of the contract. The facts were stipulated, and the case was tried by Judge Brown of the Circuit Court without a jury. He filed a written decision, stating the facts and dealing with the arguments at considerable length, with a finding that the company had paid all that was called for by the contract, and awarding a judgment for defendant.

The contract contemplated a new special main to be laid by the city within six months, and to connect with a railroad main. The new main was never laid, and so recourse was had to a clause that until it should be so laid water should be "supplied as heretofore through different meters and "paid for in like manner as if all the water so delivered had passed "through a single meter." This was done over a period of many years, with no change except the addition of two local meters to those originally used. In this situation the trial court properly held that the company was entitled to the "one main" rate as though the new main had been laid.

The only other point of dispute was the meaning of the sliding scale provisions. They are as follows:

"Third: * * * the price of water delivered shall be at the following rates:

"For any monthly consumption of less than forty-five million (45,000,000) gallons, the present rates.

"For any monthly consumption of forty-five million (45,000,000) gallons or any amount between that and sixty million (60,000,000) gallons, at the rate of sixty-seven and one-half (67½) cents per thousand cubic feet.

"For any monthly consumption of sixty million (60,000,000) gallons, or any consumption over that amount, at the rate of sixty (60) cents per thousand cubic feet.

"For any monthly consumption of less than forty-five million (45,000,000) gallons, or less than sixty million (60,000,000) gallons, as the case may be, no greater charge shall be made than for forty-five million and sixty million gallons respectively. This proviso is inserted to remove any possible inducement to waste water in order to obtain the lesser rate. * * *"

As to these provisions, the claim for the city was that up to forty-five million gallons the company should pay the general city rate of seventy-five cents per thousand feet; for the next fifteen millions, sixty-seven and one-half cents; and all over sixty millions, sixty cents per thousand feet. But the court properly pointed out that such an interpretation would nullify the proviso, which says that for less than forty-five million, with a rate of seventy-five cents, the total shall not be more than for forty-five million at sixty-seven and one-half cents, to the end that intentional waste should be avoided. The same principle of course applies to a consumption over forty-five million and up to sixty million. For example, fifty-nine millions at sixty-seven and one-half cents cannot be charged at more than sixty million at sixty cents. This interpretation, as he further pointed out, had been followed by the parties themselves over a period of thirteen years.

We concur in the findings of the trial court, and the judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   15.

*For reversal*—None.